UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESSICA GUADALUPE RAMOS
ALVAREZ, INDIVIDUALLY AND
AS PARENT AND NATURAL
GUARDIAN OF MINOR CHILD,
J.Z.R.; AND VICENTE PAUL
ZAMUDIO VAZQUEZ,
INDIVIDUALLY AND AS PARENT
AND NATURAL GUARDIAN OF
MINOR CHILD, J.Z.R.,

      Plaintiffs,

  v.

DJORY ALDERSON LOUIS,

      Defendant.
_____/

Case No. 2:24-cv-829-KCD-NPM

## AMENDED ORDER

The Court vacates its prior summary judgment order (Doc. 37) and enters this amended decision in its place. Before the Court is Defendant Djory Alderson Louis's Motion for Partial Summary Judgment as to Claims for Medical Expenses. (Doc. 32.)[1] The question presented is whether a personal-injury plaintiff who chooses not to use their health insurance for medical care is barred from recovering those costs unless they introduce evidence of what their insurer would have paid. Defendant argues that Fla. Stat. § 768.0427

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

creates such an evidentiary burden. And the failure to meet it warrants summary judgment as to those medical expenses. (*Id.* at 3.) But Defendant's statutory reading runs headlong into the plain text. Because § 768.0427 acts as an evidentiary gateway for personal injury claimants—rather than a procedural trapdoor—Defendant's motion is **DENIED**.

## I. Background

This case arises from a car accident. After Defendant allegedly rear-ended Plaintiffs' vehicle, the family sued. (Doc. 4.) But the current dispute concerns the bills, not the collision.

Although the adult plaintiffs (hereinafter "Plaintiffs") hold private health insurance, they chose not to use it. Instead, they obtained treatment under letters of protection, deferring payment until the conclusion of this litigation. This strategic choice allegedly resulted in billed amounts significantly higher than typical insurance reimbursement rates. (Doc. 32 at 4.) To support these damages, Plaintiffs have identified Dr. Thomas Roush, their treating physician, as an expert witness. They did not, however, disclose a witness to calculate what their private insurance would have paid had claims been submitted. (*Id.* at 2.)

Defendant now moves for partial summary judgment. He argues that under Fla. Stat. § 768.0427, Plaintiffs' failure to introduce evidence of

2

insurance reimbursement rates acts as a complete bar to recovering the past or future medical care from Dr. Roush.

## II. Discussion

This case comes to the Court on a pure question of law. The relevant facts are settled: Plaintiffs have private health insurance, but they chose not to use it. And they have not brought forward evidence of their insurance reimbursement rates, resting their case instead on Dr. Roush's testimony and their own bills. The only remaining conflict is over the application of § 768.0427.

Defendant reads § 768.0427 as a strict mandate: a plaintiff *must* introduce evidence of what their insurer would have paid, or else forfeit their claim for medical expenses. Plaintiffs, by contrast, read the statute as permissive, arguing that while such evidence is admissible, it is not the exclusive means of proving damages. (Doc. 36.) This is a classic exercise in statutory interpretation, ripe for resolution on summary judgment. *See, e.g.*, *Jacksonville Prop. Rts. Ass'n, Inc. v. City of Jacksonville*, No. 3:05-CV-1267-J-34JRK, 2009 WL 10669827, at *3 (M.D. Fla. Sept. 30, 2009); *Rodriguez v. Branch Banking & Tr. Co.*, 46 F.4th 1247, 1254 n.7 (11th Cir. 2022) ("As a

federal court sitting in diversity jurisdiction, we apply Florida's substantive law.").[2]

Neither party has identified a decision from Florida's appellate courts resolving this specific issue, and the Court has found none. We are, it seems, the first to arrive at this particular statutory intersection. Absent guidance from the state bench, a federal court sitting in diversity must "decide novel questions of state law the way it appears the state's highest court would." *SE Prop. Holdings, LLC v. Welch*, 65 F.4th 1335, 1342 (11th Cir. 2023).

Section 768.0427 serves as the statutory gatekeeper for determining the reasonable value of medical services in personal injury litigation. Pertinent here, § 768.0427(2) states: "Evidence offered to prove the amount of damages for past or future medical treatment or services in a personal injury or wrongful death action is admissible as provided [below]." *Id.* Three subsections then discuss past medical expenses that have been paid, past medical expenses that have not been paid, and future medical expenses.

---

[2] Federal courts sitting in diversity "apply state substantive law and federal procedural law." *Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1357 (11th Cir. 2014). Determining which bucket a state statute falls into can sometimes be sticky business. But we need not untangle that knot today. Both parties have litigated this case on the assumption that § 768.0427 is substantive. The Court will indulge that assumption because it makes no difference to the outcome. If § 768.0427 is substantive, Defendant loses because the statute's plain text does not support his argument. And if it is procedural, he has failed to identify a single federal statute or rule that would support his position.

4

For past medical expenses that have not been paid, § 768.0427(2)(b) provides: "Evidence offered to prove the amount necessary to satisfy unpaid charges for incurred medical treatment or services shall include, but is not limited to, evidence as provided in this paragraph." *Id*. Five distinct categories follow:

> 1. If the claimant has health care coverage other than Medicare or Medicaid, evidence of the amount which such health care coverage is obligated to pay the health care provider to satisfy the charges for the claimant's incurred medical treatment or services, plus the claimant's share of medical expenses under the insurance contract or regulation.
>
> 2. If the claimant has health care coverage but obtains treatment under a letter of protection or otherwise does not submit charges for any health care provider's medical treatment or services to health care coverage, evidence of the amount the claimant's health care coverage would pay the health care provider to satisfy the past unpaid medical charges under the insurance contract or regulation, plus the claimant's share of medical expenses under the insurance contract or regulation, had the claimant obtained medical services or treatment pursuant to the health care coverage.
>
> 3. If the claimant does not have health care coverage or has health care coverage through Medicare or Medicaid, evidence of 120 percent of the Medicare reimbursement rate in effect on the date of the claimant's incurred medical treatment or services, or, if there is no applicable Medicare rate for a service, 170 percent of the applicable state Medicaid rate.
>
> 4. If the claimant obtains medical treatment or services under a letter of protection and the health care provider subsequently transfers the right to receive payment under the letter of protection to a third party, evidence of the amount the third party paid or agreed to pay the health care provider in exchange for the right to receive payment pursuant to the letter of protection.
>
> 5. Any evidence of reasonable amounts billed to the claimant for medically necessary treatment or medically necessary services provided to the claimant.

*Id.*

The statute uses a parallel structure for future medical expenses under § 768.0427(2)(c). It starts with the same language: "Evidence offered to prove the amount of damages for any future medical treatment or services the claimant will receive shall include, but is not limited to, evidence as provided in this paragraph." *Id.* Three separate categories follow:

> 1. If the claimant has health care coverage other than Medicare or Medicaid, or is eligible for any such health care coverage, evidence of the amount for which the future charges of health care providers could be satisfied if submitted to such health care coverage, plus the claimant's share of medical expenses under the insurance contract or regulation.
>
> 2. If the claimant does not have health care coverage or has health care coverage through Medicare or Medicaid, or is eligible for such health care coverage, evidence of 120 percent of the Medicare reimbursement rate in effect at the time of trial for the medical treatment or services the claimant will receive, or, if there is no applicable Medicare rate for a service, 170 percent of the applicable state Medicaid rate.
>
> 3. Any evidence of reasonable future amounts to be billed to the claimant for medically necessary treatment or medically necessary services.

*Id.*

Defendant focuses on the introductory language in both provisions: "shall include, but is not limited to, evidence as provided in this paragraph." Defendant reads "shall" as a mandate on the party to produce specific evidence. So when a claimant has insurance, like here, § 768.0427(2)(b)3 and (2)(c)2 demands that they produce insurance rate evidence, and only insurance rate evidence, or recover nothing. In Defendant's words, "section 768.0427(2)(b)2

6

requires (shall) Plaintiffs to introduce evidence of what their insurer would have paid to satisfy their past expenses, while section 768.0427(2)(c)3 requires (shall) Plaintiffs to introduce evidence of what their insurer would pay for their future treatment." (Doc. 32 at 9.)

Defendant's argument misses the forest for the trees—or perhaps more accurately, mistakes a rule of evidence for a burden of proof. The text of § 768.0427 is explicitly directed at what the jury may see, not what the plaintiff must produce to survive dismissal. The statute is titled "Admissibility of evidence," and its subsections repeatedly frame their directives in terms of what evidence is admissible for the purpose of proving damages. By insisting that this evidentiary permission slip is actually a mandatory checklist for a prima facie case, Defendant confuses the vehicle for the destination.

Defendant invites the Court to shun this structure and fixate on the word "shall," interpreting it as a procedural tripwire that mandates the production of specific evidence. (Doc. 32 at 9.) But this textual argument collapses when we look at the rest of the sentence: "shall **include, but is not limited to**." In Florida, as in ordinary English, the term "include" suggests a non-exhaustive list. *White v. Mederi Caretenders Visiting Servs. of Se. Fla., LLC*, 226 So. 3d 774, 783 (Fla. 2017). When the legislature also adds the phrase "but is not limited to," it effectively shouts that the listed items are illustrative, not exclusive. To instead read the provision as a mandatory checklist is to ignore

7

the legislature's explicit instructions. We cannot enforce the "shall" as a command to the parties while deleting the "not limited to" that preserves their evidentiary options.

Viewed through the correct lens, then, the statute's mandatory language—"shall include"—falls into place not as a burden of production for the litigant, but as a directive of admissibility for the Court. This is a common feature of Florida law. Statutes repeatedly declare that various items—photographs, judgments, sworn copies of writings, expert reports—*shall* be admissible in evidence. *See, e.g.*, Fla. Stat. § 28.30(3) (photographs); § 92.07 (judgments); § 92.26 (sworn writings); § 440.25 (medical reports); § 772.15 (adjudications of not guilty). In each of these instances, the legislature is telling the court that it must keep the gate open when such evidence is proffered. It is not telling the litigant that they must walk through it. The directive binds the adjudicator, not the advocate. After all, it is courts—not parties—that admit evidence. And it is parties—not courts—that decide what to present.

If the Florida legislature had intended to dictate that only a specific type of evidence is sufficient to prove unpaid or future medical expenses, like Defendant argues, it knew how to do so. In § 768.0427(2)(a), the legislature did exactly that: evidence regarding satisfied medical bills "is limited to evidence of the amount actually paid." This is the language of restriction; it draws a hard line as to what is required. Yet when the text moves to the subsections at

8

issue, that restrictive phrasing vanishes, replaced by the expansive directive that evidence "shall include, but is not limited to," the listed items. It is a fundamental canon of statutory construction that when the legislature uses different words in adjacent sections, it intends different meanings. *See City of Bartow v. Flores*, 301 So. 3d 1091, 1097 (Fla. Dist. Ct. App. 2020). To accept Defendant's reading would require us to perform a sort of judicial transplant—excising the "limited to" restriction from subsection (2)(a) and grafting it onto a clause that explicitly declares it "is not limited to" such strictures. This Court has no authority to rewrite the statute to suit a policy preference that the plain text does not support. The job is to read the statute, not edit it.

Defendant's interpretation faces a final textual hurdle: the statute's explicit catch-all provisions. While Defendant insists that a plaintiff with insurance is confined to the specific evidentiary lane of insurance rates, the statute itself plows a much wider path. Subsection (2)(b)5 allows for the admission of "[a]ny evidence of reasonable amounts billed," and subsection (2)(c)3 similarly permits "[a]ny evidence of reasonable future amounts to be billed." The word "any" is expansive. *McNeil v. State*, 215 So. 3d 55, 59 (Fla. 2017). If Defendant were correct—that a plaintiff must strictly adhere to the insurance-rate provisions to the exclusion of all else—then these catch-all subsections would be rendered meaningless for a vast swath of litigants. We generally assume the legislature does not write statutory provisions only to

9

have them effectively deleted by implication. By including these broad evidentiary options alongside the specific insurance directives, the text confirms that the legislature intended to provide a menu of admissible evidence, not a series of mutually exclusive traps.

### III. Conclusion

In sum, the statute means exactly what it says. By providing that evidence "shall include, but is not limited to" specific categories, the Florida legislature created a non-exhaustive list of admissible evidence, not a mandatory checklist for survival. Defendant's reading would turn this broad evidentiary gateway into a narrow procedural chokehold, contradicting the plain text of the law. Because Plaintiffs are not required to introduce evidence of insurance reimbursement rates to maintain their claim for medical expenses, Defendant's Motion for Partial Summary Judgment (Doc. 32) is **DENIED**. The Clerk is also directed to vacate the Court's prior order (Doc. 37) and strike it from the docket.

**ORDERED** in Fort Myers, Florida on January 26, 2026.

Kyle C. Dudek
United States District Judge